**SCHULER INDUSTRIES, INC.,**
**Plaintiff–Appellant,**

**v.**

**The UNITED STATES, Defendant–**
**Appellee.**

**No. 96–5096.**

United States Court of Appeals,
Federal Circuit.

March 24, 1997.

F. Gerald Burnett, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, argued, for plaintiff-appellant.

Frank P. Cihlar, Attorney, Tax Division, Department of Justice, Washington, D.C., argued, for defendant-appellee. With him on the brief were Loretta C. Argrett, Assistant Attorney General and Kenneth L. Greene, Attorney.

Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

In this federal tax case, Schuler Industries, Inc. (Taxpayer) appeals from the judgment of the Court of Federal Claims upholding Treas. Reg. § 1.56(g)–1(d)(3)(iii)(E), which the Internal Revenue Service (IRS) applied to deny the Taxpayer's tax refund claim. We affirm.

I

Until 1989, the Taxpayer was wholly owned by its founder, Bill Schuler. On November 21, 1989, Bill Schuler sold all of his shares in the Taxpayer to the trustee of the Schuler Employee Stock Ownership Plan (ESOP) for $50 million. The transaction was financed by a bank loan to the ESOP. With a favorable determination letter, the IRS blessed the transaction as tax exempt under

Internal Revenue Code (I.R.C.) §§ 401(a) and 501.

The dispute in this case stems from payments made by the Taxpayer to the ESOP at the end of the Taxpayer's 1992 taxable year.[1] The Taxpayer then made a total payment to the ESOP of $5,505,790, divided as follows: $1,646,165 in interest-based contributions to pay interest due on the bank loan, $987,196 in payroll-based contributions, and $2,872,429 in applicable dividends to pay principal due on the bank loan. The Taxpayer did not deduct the payment of applicable dividends when determining adjusted current earnings as part of its calculation of Alternative Minimum Tax. In 1995, however, the Taxpayer filed a claim for refund, asserting that it was entitled to deduct the amount paid in applicable dividends (*i.e.*, $2,872,429) from adjusted current earnings.

The IRS disallowed the claim based on Treas. Reg. § 1.56(g)–1(d)(3)(iii)(E). Under that regulation, although dividends paid to an ESOP are deductible from gross income for computing regular income tax liability, they are not deductible in computing adjusted current earnings for liability under the Alternative Minimum Tax.

The Taxpayer brought this action before the Court of Federal Claims for a $319,260 refund. Both parties moved for summary judgment. The court denied the Taxpayer's motion and granted the government's, ruling that the pertinent treasury regulation is a valid regulation that is consistent with the underlying statutes and congressional intent. Because the regulation on its face refuted the Taxpayer's claim, the court entered judgment in favor of the government. The Taxpayer appeals. We have jurisdiction to entertain the appeal pursuant to 28 U.S.C. § 1295(a)(3) (1994).

II

 We first determine whether Treas. Reg. § 1.56(g)–1(d)(3)(iii) is legislative or interpretive in character, because that determination affects our standard of review. Interpretive regulations are upheld if they

---

1. Similar payments to the ESOP at the end of the 1991 taxable year are in dispute in other litiga-

tion. That dispute is being held in abeyance pending resolution of this case.

implement the congressional mandate in a reasonable manner. *National Muffler Dealers Ass'n, Inc. v. United States,* 440 U.S. 472, 476, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979). We apply a more deferential review to legislative regulations, according them "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). While an interpretive regulation is issued under the general authority vested in the Secretary of the Treasury by I.R.C. § 7805, a legislative regulation is issued under a specific grant of congressional rulemaking authority and has "legislative effect." *See Batterton v. Francis,* 432 U.S. 416, 425, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977). To ascertain the source of authority for a particular regulation, we examine the statutory language and the regulation itself. *See Dresser Indus., Inc. v. Commissioner,* 911 F.2d 1128, 1139 (5th Cir.1990).

In adopting the statute relevant to this case, Congress directed the Secretary to "prescribe initial regulations providing guidance as to which items of income are included in adjusted current earnings under section 56(g)(4)(B)(i) of the Internal Revenue Code of 1986 and which items of deduction are disallowed under section 56(g)(4)(C) of such Code." *See* Omnibus Budget Reconciliation Act of 1989, P.L. No. 101–239, § 7611(g)(3), 103 Stat. 2106, 2373. Thereafter, the Secretary adopted the subject Treasury regulation, which states that dividends paid to an ESOP that are otherwise deductible under section 404(k), are not deductible for computing earnings and profits, and thus not deductible in computing adjusted current earnings, under the Alternative Minimum Tax. *See* 26 C.F.R. § 1.56(g)–1(d)(3)(iii)(E) (1996).

The Taxpayer argues that this regulation should be viewed as interpretive only. We reject that contention. Congress specifically directed the Secretary to "prescribe initial regulations," and, thus, through section 7611(g)(3), Congress expressly delegated specific authority to the Secretary to promulgate the regulation at issue. We reject the Taxpayer's argument that the word "guidance" in the statute means that the otherwise mandated regulation must be understood as interpretive in character. Furthermore, nothing in the regulation itself either suggests that the Secretary viewed his statutory authority as limited to interpretation, or detracts from the legislative character of the regulation. We therefore hold that the regulation is legislative in character and is entitled to the very high degree of deference described above. In this regard, our decision is consistent with the other courts that have addressed the issue. *See Snap–Drape, Inc. v. Commissioner,* 98 F.3d 194 (5th Cir.1996), *aff'g* 105 T.C. 16, 1995 WL 412145 (1995).

### III

■ We next consider whether the regulation is valid in light of the deferential standard of review. This question has been answered in the affirmative by all of the courts that have examined the issue, including the Court of Federal Claims, in this case, and the Fifth Circuit in *Snap–Drape.* We agree with these courts that the regulation is valid.

As a legislative regulation rooted in a grant of power by Congress, the regulation is given legislative effect. *See Batterton,* 432 U.S. at 425, 97 S.Ct. at 2405. It is beyond cavil that an income tax deduction is a matter of legislative grace, and thus is the exception to the norm. *See INDOPCO, Inc. v. Commissioner,* 503 U.S. 79, 84, 112 S.Ct. 1039, 1043, 117 L.Ed.2d 226 (1992). Therefore, Congress is not required to grant any particular deduction to taxpayers, and neither is the Secretary when acting consistent with authority granted by Congress. Here, Congress entrusted the Secretary with the power to administer section 7611(g)(3).

Schuler has not demonstrated that the Secretary, in promulgating the challenged regulation, acted arbitrarily or capriciously, or manifestly contrary to the statute. Rather, the regulation is well within the authority granted by Congress. The fact that Congress has seen fit to permit deduction of the Taxpayer's payments to its ESOP for some purposes, but not for others, cannot undermine the validity of the regulation in suit. The Taxpayer's concerns in this case are

misaddressed, as it is the Congress, not the courts, which may afford the Taxpayer the relief it seeks. The decision of the Court of Federal Claims is therefore affirmed.

*AFFIRMED.*